Per Curiam.

The basic question presented by the pleadings is whether the last paragraph of Section 2301.02, Revised Code, is in conflict with Section 13 of Article IV of the Consti *274 tution. The parties agree that the determination of the issue raised by the demurrer will be dispositive of the case.
Section 13 of Article IV of the Constitution provides:
“In case the office of any judge shall become vacant, before the expiration of the regular term for which he was elected, the vacancy shall be filled by appointment by the Governor, until a successor is elected and has qualified; and such successor shall be elected for the unexpired term, at the first general election for the office which is vacant that occurs more than 40 days after the vacancy shall have occurred; provided, however, that when the unexpired term ends within one year immediately following the date of such general election, an election to fill such unexpired term shall not be held and the appointment shall be for such unexpired term.”
Section 2301.02, Revised Code, provides:
“The number of judges for each county, the time for the next election for said judges in the several counties, and the beginning of their terms shall be as follows:
66 # * *
“In Hamilton County, twelve judges; seven to be elected in 1954, terms to begin January 1, 1955, January 2, 1955, and from February 9, 1955, to February 13, 1955, inclusive, respectively; five to be elected in 1956, terms to begin from January 1, 1957, to January 5, 1957, inclusive;
66* * *
“Notwithstanding the foregoing provisions, in any county having two or more judges of the Court of Common Pleas, in which more than one third of such judges plus one were previously elected at the same election, should the office of one such judge so elected become vacant more than 40 days prior to the second general election preceding the expiration of such judge’s term, the office which such judge had filled shall be abolished as of the date of the next general election and a new office of judge of the Court of Common Pleas shall be created. The judge who is to fill such new office shall be elected for a six-year term at the next general election and his term shall commence on the first day of the year following such general election, on which day no other judge’s term begins so that the *275 number of judges which such county shall elect shall not be reduced.”
The last paragraph of Section 2301.02, Revised Code, quoted above, was added to that section by an amendment effective October 20, 1959. (128 Ohio Laws, Amended Senate Bill No. 145.)
Respondents contend that under the statute there will be a full term to be filled at the general election in November 1960, and that there is no vacancy as to the unexpired portion of the term for which Woeste was elected, because there is no unexpired term, it having been abolished; that there can be no violation of the constitutional provision for a tenure which might continue until the qualification of a successor if there is a valid law to the effect that the office is abolished, thus precluding the possibility of a legal successor; and that the statute is constitutional. ,
With that contention this court cannot agree. The rule of statutory construction that acts of the General Assembly are presumed valid and that all doubt must be resolved in favor of their validity does not apply here, since there is a patent and obvious conflict between the constitutional provision and the last paragraph of Section 2301.02, Revised Code, hereinbefore quoted.
Section 13 of Article IV of the Constitution, as amended in 1942, is specific in its reference to judicial office, and it was not superseded by the general provisions of Section 2 of Article XVII, as later amended, relative to terms of office and vacancies (State, ex rel. Davis, v. Brown, Secy. of State, 161 Ohio St., 346). Neither can the last paragraph of the statute in question be held constitutional under authority of Section 15 of Article IV of the Constitution, giving to the General Assembly power to pass laws increasing or decreasing the number of common pleas judges in any county and to establish other courts, and thus defeat the specific provisions of Section 13 of Article IV.
This court is of the opinion that the last paragraph of Section 2301.02, Revised Code, is in direct conflict with the provisions of Section 13, Article IV of the Constitution, and is, therefore, unconstitutional.
*276 The demurrer to the petition is mandamus is allowed. overruled and a writ of

Writ allowed.

Weygandt, O. J., Zimmerman, Tapt, Matthias, Bell, Herbert and Peck, JJ., concur.